340 P.2d 419

Carolyn SMITH, Plaintiff and Appellant,

v.

Clyde G. SMITH, Defendant and Respondent.

No. 9015.

Supreme Court of Utah.

June 17, 1959.

Taylor, Lund & Moffat, Salt Lake City, for appellant.

L. G. Bingham, Ogden, for respondent.

HENRIOD, Justice.

Appeal from a divorce decree that awarded the defendant husband the custody of two minor children, two and four respectively, at time of filing complaint, and three and five respectively at time of decree, provided, however, that the physical possession of said children remain in the plaintiff wife, provided that plaintiff and said children live with and remain under the supervision of plaintiff's mother, and provided the custody be in the defendant during June, July and August of each year.

Plaintiff attacks this unusual decree on the ground that 1) such decree did not take into consideration the best interests of the children, 2) was not to their best interests because of the split-custody feature thereof, and 3) it was error not to have made findings as to plaintiff's fitness or unfitness to have custody.

■ Although the decree is unusual, it would seem that the only reasonable construction that can be placed thereon is that the court, in attempting to work out a decree that *was* for the best interests of these children, deemed it advisable to make one that would protect the children against future possible indiscretion on the part of the plaintiff, the court in summation making it obvious that he was convinced that plaintiff would remarry again, perhaps several times. We construe the decree to mean that custody was awarded for nine months to plaintiff and her mother jointly, subject to

modification if, upon proper proceedings brought in such event, it was shown that changed environment would constitute changed circumstances such that, in order to further the best interests of these children, a modification of the decree would be in order. Certainly it would not be asking defendant too much, in the interest of his children, to become movant in such proceedings. The outright award of custody to the defendant, in the light of the inconsistent award of custody to him for three months, and the inconsistent award of custody to plaintiff and her mother, impel us to hold that such outright award was surplusage, which we do.

■ As to the split-custody award, there is nothing in the record that suggests that the children would be treated differently by either spouse or his relatives, and consequently we cannot say that the court erred in awarding such split custody. However, the question of split custody seemed to be of less importance to the litigants here than the desire of each to justify his own action and condemn that of the other,—a natural human reaction in cases like this, where somewhere in between the opposite poles where the disputants hurl their epithets, probably lies the truth. From the record in this case it appears that neither the plaintiff nor the defendant really was a bad person. There is nothing to indicate that the claimed indiscretions of the plaintiff, based partly on contradictory and self-

serving evidence, tinged with bitterness on all sides, were committed in the presence of the children, or if she were indiscreet, she intended or intends to commit them in the presence of the children. About the only fact that stands out in bold relief is that the divorce here was caused by the actions of both, not just one of the parties, the plaintiff having been encouraged by defendant and led by necessity to work in order to meet obligations, and the defendant having had to do the same thing on a split-shift arrangement where the parties seldom saw each other. To have made a failure of this marriage for such reasons alone is not only tragic, but again perfectly human. Apparently this marriage was doomed from the start. The children should be the victims of its fracture to the least possible extent, and we think the trial court did what it thought best to accomplish that end.

There is no evidence that plaintiff was immoral or indiscreet in the presence or sight of her children, unless it be immorality or indiscretion to permit another man to visit her after the marriage for all intents and purposes was an impotent and ended circumstance. We think such visitation without any further evidence of any indiscretion indulged in the presence or sight of her children, cannot brand her as being an unfit mother to have the custody of her own children, and absent such evidence, the presumption that she was a fit and proper person calls upon us to send this case back with instructions to enter a finding of fact to the effect that plaintiff here is a fit and proper person to have custody under the conditions of the decree as we have construed it. Such is the order.

In sending this case back, although we feel disinclined to upset the decree as to the split custody because of the state of the record, we suggest that another look be taken at the conditions surrounding the children under joint custody of mother and grandmother, and if salutary, that a look be taken into the conditions that might surround the children for three months in the summer, where a changed and strange atmosphere possibly could have its impact on the impressionable young minds resulting in confusion not lending itself to their best interests,—whereas much less confusion would exist under such circumstances when they have arrived at an age of less tender years. We urge that these children not be made footballs to satisfy the "I'll show you" attitudes with which estranged spouses too frequently are imbued, where actions also too frequently show an attitude of oblivious disregard for the humans that need understanding most, and who are mixed-up victims of hidden emotions they neither understand nor can express. How another look

can be taken in this case procedurally is a matter for the concern of the litigants and the court, but certainly it is worth a try even if only to check and double check the best interests of these children. No costs awarded.

CROCKETT, C. J., and WADE, Mc-DONOUGH and CALLISTER, JJ., concur.